IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


BRITTANY KNIGHT,

    Petitioner,

v.                                      CASE NO. 4:17cv464-RH/CAS

SHERIFF OF LEON COUNTY,

    Respondent.

_____/


ORDER ON DEPOSITIONS OF
THE SHERIFF AND TWO JUDGES

Pending are motions to limit scheduled depositions of a sheriff and two judges. This order grants the sheriff's motion in part and grants the judges' motion.

**I. Background**

The petitioner Brittany Knight filed this petition for a writ of habeas corpus while in pretrial detention in the Leon County Jail. She asserts the practice in Leon County of setting unaffordable bail even when detention is unnecessary—in effect, detaining some criminal defendants but not others based solely on wealth— violates the United States Constitution. Ms. Knight seeks to represent a class of

similarly situated pretrial detainees. The respondent is the Sheriff of Leon County in his official capacity.

Ms. Knight has scheduled the deposition of the Sheriff under Federal Rule of Civil Procedure 30(b)(6). The Sheriff has moved to limit the scope of the deposition. Ms. Knight has responded.

Ms. Knight also has scheduled the depositions of two state-court trial judges—a circuit judge and a county judge—who preside over criminal cases in Leon County and thus have a role in setting bail in specific cases. The judges have moved to limit the duration and scope of the depositions. Ms. Knight has not yet responded, and a response to the motion is not yet due. This order limits the duration and scope of the depositions until otherwise ordered. The issue will be reconsidered de novo if Ms. Knight files a response to the motion.

## II.  The Sheriff

### A. Rule 30(b)(6) and Ms. Knight's Notice

A 30(b)(6) deposition is a deposition of an entity—not a deposition of an individual. So here, the deponent will in effect be the Sheriff's Department, not the Sheriff individually. A proper 30(b)(6) notice lists the topics on which testimony will be sought. The choice of the person who will provide the testimony lies with the entity that is being deposed, not with the party taking the deposition. So here,

the Sheriff may choose any appropriate person to provide testimony on properly noticed topics. The Sheriff need not testify himself in response to this notice.

Ms. Knight's 30(b)(6) notice lists three topics on which she wishes to depose the Sheriff—that is, on which she wishes to depose one or more individuals designated by the Sheriff to testify on his behalf. The topics deal with an "ad hoc committee" the Sheriff apparently created to address the bail system, the Sheriff's activities related to bail, and the "Sheriff's interest" in bail decisions and the outcome of this proceeding.

### B. *The Scope of Discovery*

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery, unless further limited by court order, is this:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### C. *The Sheriff as the Respondent in This Proceeding*

The Sheriff emphasizes, as the first ground for his attempt to limit his 30(b)(6) deposition, that he has no role in setting bail and had no role in establishing Florida's bail system. This follows a motion to dismiss in which the Sheriff asserts, in effect, that Ms. Knight should have sued someone else. But the

proper respondent in a habeas proceeding is the person with custody over the petitioner.

In this case, that person is the Sheriff. If, as Ms. Knight contends, the Sheriff held her in his custody in violation of the United States Constitution, Ms. Knight will be entitled to relief against the Sheriff, subject to any considerations of standing or mootness. This is a straightforward application of principles that have governed habeas proceedings throughout the nation's history.

Consider, for example, a habeas petition brought by a person who is not in pretrial detention but who has instead been convicted and sent to state prison. The proper respondent is the person who has custody of the petitioner—in Florida, the Secretary of the Department of Corrections. This is so even though the Secretary rarely if ever has any role in the asserted constitutional violation that provides the substantive basis for the petition.

When Clarence Earl Gideon was convicted without an attorney and sent to state prison, he brought a habeas petition not against someone who had a role in prosecuting him or in the decision not to appoint an attorney, but against the Secretary of the Department of Corrections in his official capacity. By the time of the Supreme Court's decision upholding Mr. Gideon's claim, the Secretary was Louie L. Wainwright. And so the case establishing the right of an indigent state felony defendant to an appointed attorney is *Gideon v. Wainwright*, 372 U.S. 335

(1963). If Mr. Wainwright had defended on the ground that he had no role in appointing attorneys or deciding whether to do so, the defense would have gone nowhere.

Other habeas petitions challenging state convictions proceed in this same manner every day. Dozens are pending on this court's docket right now and at any given time. When a habeas petitioner who is serving a Florida prison sentence asserts an ineffective-assistance-of-counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the proper respondent is the Secretary of the Department of Corrections, even though the Secretary had nothing to do with any ineffective assistance of counsel or with the trial that led to the petitioner's conviction. When a habeas petitioner who is serving a Florida prison sentence asserts a failure-to-turn-over-exculpatory-evidence claim under *Brady v. Maryland*, 373 U.S. 83 (1963), the proper respondent is again the Secretary of the Department of Corrections, even though the Secretary had nothing to do with any failure to turn over exculpatory evidence or with the trial that led to the petitioner's conviction. If the Secretary defended a habeas petition on the ground that she had no role in these matters, the defense would go nowhere.

So too here. The Sheriff and his predecessors may have had no role in establishing the Florida bail system. The Sheriff may have no role in setting bail in

any given case. But the Sheriff in his official capacity is the proper respondent in this proceeding.

This does not mean, however, that the Sheriff can be subjected to a limitless 30(b)(6) deposition. Indeed, the Sheriff's role as the respondent does not, without more, mean that the Sheriff can be subjected to a 30(b)(6) deposition at all. In a typical habeas case of the type discussed above—presenting an ineffective-assistance claim or exculpatory-evidence claim—deposing the Secretary of the Department of Corrections would serve no purpose at all.

### D. The Sheriff as a 30(b)(6) Deponent

The inquiry does not end with the recognition that the Sheriff's presence in the case as the respondent does not, without more, warrant a deposition. The Sheriff carries out state-court bail decisions in significant respects and may have relevant information about the actual working of the system. Like any witness or entity with relevant information, the Sheriff can be deposed.

More importantly, for purposes of the current motion, the Sheriff apparently established an ad hoc committee to evaluate the bail system. The committee apparently consisted of at least one employee of the Sheriff's Department as well as individuals otherwise unrelated to the Sheriff's Department. The committee apparently evaluated the bail system and rendered at least one report.

The topics in Ms. Knight's 30(b)(6) notice include the "formation, purpose, activities, and reports" of the committee. These are proper topics of inquiry—the committee was evaluating the very system now at issue. And reasonable inquiry on these topics will be proportional to the needs of the case. Indeed, bypassing any evidence-based work done by the committee and instead starting fresh might well be wasteful—the very antithesis of proportionality.

This does not mean Ms. Knight may discover the Sheriff's personal opinions about the bail system or about this lawsuit. Ms. Knight plainly proposes to go too far. In response to the Sheriff's motion to limit the deposition, Ms. Knight has said the deposition's "purpose is to discover why Sheriff Walt McNeil actively defends this lawsuit, when he appears to embrace bail reform."

Ms. Knight does not need a deposition to learn the answer to that question. The Sheriff is defending this lawsuit for the same reason he detains individuals when they have not made bail: it is his job. The Sheriff can no more default in this proceeding or confess error than he could open the jail doors and let out defendants who have been placed in his custody.

The issue in this proceeding is not whether, as a matter of good public policy, the bail system should be reformed. The issue is instead whether the system is unconstitutional. The Sheriff need not provide his opinion about good public policy.

This order limits the deposition to factual matters: what the Sheriff's Department and the ad hoc committee have done and will do. But the Sheriff should take note: he eliminates himself as a trial witness on any topic on which he has successfully blocked his deposition.

**III. The Judges**

Ms. Knight has scheduled the depositions of two judges who routinely preside over criminal cases. The judges apparently are willing to appear. They object to providing mental impressions—explaining how they reach decisions. They say they should be required to provide only factual information not available from other sources. And they wish to limit each deposition to three hours.

Ms. Knight has not yet responded to the judges' motion, and a response is not yet due. But the depositions are scheduled for tomorrow and the next day. This order limits the depositions as requested. The order will be reconsidered de novo at Ms. Knight's request. This order's limitations will remain in place until otherwise ordered.

The analysis that supports the limitations—subject to reconsideration de novo on request—is this. In most circumstances, a judge's deposition may be taken only as a last resort. Information on how the bail system works should be available from the governing statutes, rules, and other materials, as well as from prosecutors, defense attorneys, jail officials, and bail bondsmen. Indeed, it is not clear that a

judge should be deposed in a case like this at all, subject to this exception: if the respondent intends to offer a judge's testimony at trial, the judge—and maybe even one or more others—should be available for a deposition of commensurate scope.

What was said about the Sheriff is also true of judges: a judge eliminates himself as a trial witness on any topic on which he has successfully blocked his deposition.

**IV.  Conclusion**

For these reasons,

IT IS ORDERED:

1. The Sheriff's motion, ECF No. 80, to limit his 30(b)(6) deposition is granted in part. Ms. Knight may depose the Sheriff, through designees of his choice, on topics identified in the 30(b)(6) notice related to the "ad hoc committee" on the bail system and on activities of the Sheriff's Department. Ms. Knight may not inquire into the Sheriff's personal opinions about the bail system.

2. The judges' motion, ECF No. 81, for a protective order limiting the duration and scope of their depositions is granted. Ms. Knight may depose the judges on factual matters that cannot reasonably be discovered from other sources. Each deposition must not exceed three hours. Ms. Knight must not inquire into a judge's mental impressions—into how a judge reaches decisions.

3. The case style is amended as set out in this order to list only the Sheriff as a respondent.

SO ORDERED on May 9, 2018.

s/Robert L. Hinkle  
United States District Judge